OPINION
Defendant, Timothy D. Garrett, appeals from his conviction and sentence for DUI.
Garrett was arrested on July 22, 2000. He was charged with DUI, R.C.4511.19(A)(1) and (A)(6), and a tinted glass violation, R.C. 4511.241. The charges were filed in Fairborn Municipal Court. Garrett entered pleas of not guilty.
Garrett filed a motion to suppress any evidence obtained in and after his arrest from use by the State in proving the DUI charge. The motion was referred to a magistrate. The magistrate denied the motion to suppress evidence on November 14, 2000.
On November 20, 2000, Garrett entered pleas of no contest before the trial court to both charges. The court accepted the pleas and entered its judgment of conviction. two days later, on November 22, 2000, Garrett filed objections to the magistrate's decision. Before the court could rule on his objections, Garrett filed a notice of appeal to this court. The trial court declined to rule on the objections, finding that it lacked jurisdiction.
ASSIGNMENT OF ERROR
 IT WAS "UNREASONABLE," WITHIN THE MEANING OF THE FOURTH AMENDMENT, FOR THE OFFICER TO DETAIN APPELLANT FOR PURPOSES OF CONDUCTING FIELD SOBRIETY TESTS WHEN THE OFFICER HAD NO REASON TO BELIEVE THAT APPELLANT WAS INTOXICATED; THUS THE TRIAL COURT ERRED WHEN IT OVERRULED THE SUPPRESSION MOTION.
Garrett argues that the officer who stopped him on a suspected window tint violation lacked a reasonable and articulable suspicion that he was driving under the influence, which was necessary before the officer could expand his detention to investigate a possible DUI violation. State v. Retherford (1994), 93 Ohio App.3d 586. Garrett relies on two decisions in which this court held that mere indications that a driver had consumed alcohol were insufficient to create the necessary reasonable suspicion that he is under the influence of alcohol. State v. Spillers (Mar. 24, 2000), Darke App. No. 1504, unreported; State v. Dixon (Dec. 1, 2000), Greene App. No. 2000-CA-30, unreported.
Whether an officer possessed the reasonable and articulable suspicion required by Terry v. Ohio (1968), 392 U.S. 1, to perform an investigative stop or detention is a question of law. Appellate courts review the issue de novo, but any error that the trial court committed when it ruled on that question must be preserved for appellate review. In that regard, Crim.R. 12(H) states:
 The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence.
While a plea of no contest does not itself operate to waive error in denying a motion to suppress, the error may not otherwise be waived if it is to be preserved for appeal. Such other waiver is not avoided merely by entering a no contest plea.
The Ohio Traffic Rules apply to "all proceedings involving violations of laws . . . governing the operation and use of vehicles." Traf.R.2. A prosecution on a DUI charge is such a proceeding. Traf.R. 14(C) further states:
 A court may provide for the reference of contested cases to a magistrate for adjudication and written decision. Objections may be filed pursuant to division (E)(3) of Rule 53 of the Rules of Civil Procedure and, if filed, shall be considered by the court pursuant to division (E)(4)(b) of that rule. Except as provided in division (D) of this rule, contested cases shall not be referred to a magistrate without the written consent of the defendant.
Civ.R. 53(E)(3) governs objections that are filed to the decision a magistrate enters on a referred matter. Division (b) of that rules states:
 Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's finding of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
(Emphasis supplied).
Garrett failed to object to the magistrate's decision denying his motion to suppress evidence before he entered his plea of no contest and was convicted on his plea and sentenced by the trial court. That is the order and judgment from which this appeal was taken. Garrett's failure to timely object waived any error in that judgment resulting from the magistrate's decision. That error is not preserved, Garrett's plea of no contest notwithstanding.
The assignment of error is overruled. The judgment from which this appeal was taken will be affirmed.
 __________ GRADY, J.,
WOLFF, P.J. and BROGAN, J., concur.